# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2020

Lyle W. Cayce
Clerk

No. 20-50090

Sonya Brend, B.L. b/n/f,

*Plaintiff—Appellant*,

*versus*

Copperas Cove Independent School District,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-00057

Before Davis, Stewart, and Dennis, *Circuit Judges*.
Per Curiam:[*]

B.L. and her legal guardian Sonya Brend appeal the district court's grant of summary judgment in favor of the Copperas Cove Independent School District in this Title IX case. B.L. claims that, as a seventh grade student in the district, (1) starting in September 2015, she was subjected to the predominately male-on-female student traditions of "Slap Butt Friday"

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50090

and "Titty Twister Thursday;" (2) in November, two male students wrote her an inappropriate note that they wanted to grab her "booty cheeks;" (3) one of the authors of the note, J.A., called her a "slut," grabbed her by the hips and slammed his groin into her, and publicly announced that "If you want to have sex with B.L., she'll do it;" and (4) she was called a "snitch" and a "hoe" by other female students.

A school district that receives federal funds may be liable for student-on-student sexual harassment only if, among other things, the district's response to known harassment was clearly unreasonable under the circumstances (also referred to as deliberate indifference).[1] For the district to have knowledge, "it is not enough that *any* employee knew of the harassment; it must be someone authorized to rectify it."[2] "[N]either negligence nor mere unreasonableness is enough."[3] To that end, "our precedent makes it clear that negligent delays, botched investigations of complaints due to the ineptitude of investigators, or responses that most reasonable persons could have improved upon do not equate to deliberate indifference."[4]

Assuming without deciding that B.L. suffered actionable sexual harassment, she cannot show that the School District was deliberately indifferent. The record shows that Assistant Principal Julie Kearney was made aware of "Slap Butt Friday" on October 7, 2015, after B.L. was involved in an altercation with another female student. While investigating the incident, Kearney learned that B.L. herself had been "running around slapping everyone on the butt in the locker room" that day and the previous

---

[1] *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999).
[2] *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 359 (5th Cir. 2020).
[3] *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011).
[4] *I.F. v. Lewisville Indep. Sch. Dist.*, 915 F.3d 360, 369 (5th Cir. 2019) (quotation marks omitted).

Friday. Kearney informed Brend of B.L.'s conduct and encouraged B.L. to report any future instances of "Slap Butt Friday."

Later, on October 15, Brend told the School District that she planned to meet with a lawyer to discuss B.L.'s harassment. Kearney promptly questioned each of B.L.'s teachers, but none were aware of any harassment. Kearney attempted to contact Brend, but did not hear back.

B.L. reported a specific instance of "Slap Butt Friday" on October 30, and the male student involved was issued a written warning. Finally, after the note incident and B.L.'s allegations of name-calling, the School District's Deputy Superintendent of Operations and Support assigned another Assistant Principal to investigate. Several students were interviewed, and J.A. was ultimately given detention, instructions to "stay away from [B.L.] and not talk to her," and a warning that future harassment would come with further disciplinary action. Lastly, B.L. and J.A.'s teachers were advised to be "extra vigilant." B.L. made no further reports of sexual harassment before she withdrew from the school in December.

School districts enjoy flexibility in responding to student-on-student harassment. Here, the School District investigated B.L.'s allegations and imposed discipline when they were substantiated. "[C]ourts should refrain from second-guessing the disciplinary decisions made by school administrators."[5] We cannot say that the School District responded in a way that was clearly unreasonable to B.L.'s reported harassment.

The judgment of the district court is AFFIRMED.

---

[5] *Davis*, 526 U.S. at 648.